FILED
SUPERIOR COURT
OF GUAM

2022 APR 21 AM 8: 25

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CM0101-21
) GPD Report No.: 21-09222
)
)
vs. )
)
) DECISION AND ORDER GRANTING
) DEFENDANT'S MOTION FOR
WILLIS TOUTAI LATU ) DEFERRED PLEA PURSUANT TO
DOB: 08/15/1991 ) 9 G.C.A. § 30.80.
)
)
)
_____ )

## I.   INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on Defendant Willis Toutai Latu's (the "Defendant") Motion for Deferred Plea ("Motion"). At the Zoom hearing on April 8, 2022, Defendant was present with his counsel, William Pole. The People of Guam were represented by Assistant Attorney General Sean Brown. Also present was Probation Officer Nicolas Edquilane. Having reviewed the pleadings, parties' oral arguments, the record, and relevant law, the Court hereby GRANTS Defendant's Motion.

## II.   BACKGROUND

The Defendant is charged with the following offenses: (1) CHILD ABUSE (As a Misdemeanor); and (2) FAMILY VIOLENCE (As a Misdemeanor). Magistrate's Compl. (Apr. 29, 2021). A.O. (the "Victim") was seven (7) years-old and a foster child of the Defendant at the time when the alleged abuse took place. Defendant's Br. at 3 (Mar. 11, 2022). A.O. first complained to the school nurse of his head hurting. Magistrate's Compl. A.O. told the nurse the

following: "my daddy was mad, I'm not supposed to say those words, I teased them, he picked me up on the counter, slapped me, threw me and I hit my head on the thing." *Id.* The nurse observed a dime-sized laceration at the top of A.O.'s head, scratches to his face and behind his ear, and redness and bruising to the jaw area. *Id.* The Defendant then told the social worker involved that he had put A.O. on a kitchen counter, slapped him approximately three to four times, and told him to "Get your shit! We're going." *Id.* The Defendant then supposedly pulled A.O. off the counter and A.O. landed on the floor and hit the closed kitchen cabinet door. *Id.* The Defendant has no prior criminal record and has not committed any violations while on pre-trial release.

### III.    DISCUSSION

Defendant moves for deferred plea pursuant to 9 GCA § 30.80.1, which states that "any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea." 9 GCA §30.80.1 (e). The Defendant argues that he is not ineligible. *See* Defendant's Br. While the People did not file any motions or notices to the Court relating to the issue, they did advise the Court of their position during oral argument, contending that the Defendant is eligible as to the second charge of FAMILY VIOLENCE but not the first charge of CHILD ABUSE. Oral Argument at 9:37 (April 8, 2022).

Apart from the CHILD ABUSE charge, there is no dispute that the Defendant is otherwise eligible for a deferred plea pursuant to 9 GCA § 30.80. After reviewing the requirements and the facts of the Defendant's particular facts and circumstances, the Court agrees. The Defendant has satisfied 9 GCA § 30.80 by filing a proper pre-trial motion where he agrees to volunteer a guilty plea to a misdemeanor charge of family violence and to participate

in education, counseling, and /or treatment(s) as can be directed by this Court. The Defendant is also not ineligible as outlined by 9 GCA §30.80.1(a) since (1) he does not have any prior felony convictions for any offense involving violence, (2) he has not previously participated in a diversion or deferred plea program for family violence or similar offense in Guam or any other locality, (3) he has not been previously sentenced for a violation of 9 GCA §30.40, and (4) he does not have a current charges against him for serious bodily injury or criminal sexual conduct involving sexual penetration. The Court now analyzes Defendant's CHILD ABUSE charge to assess whether he is eligible under 9 GCA § 30.80 for a deferred plea.

## A. THE CHILD ABUSE CHARGE DOES NOT MAKE THE DEFENDANT INELIGIBLE UNDER THE ACT

Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. *Data Mgmt. Res., LLC v. Office of Pub. Accountability*, 2013 Guam 27 ¶17 (citing Aguon v. Gutierrez, 2002 Guam 14 ¶6). A statute's plain meaning prevails absent clear legislative intent to the contrary. *Sumitomo Const., Co. v. Guam*, 2001 Guam 23 ¶17. Whether determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." *Id.*; *People v. Tedtaotao*, 2015 Guam 9 ¶12.

While 9 GCA §30.80 states that to be eligible for a deferred plea the defendant must plead guilty to a misdemeanor charge of family violence, it also states that it is family violence "as defined in this Chapter." 9 GCA §30.80. Under 9 GCA §30.10, titled "Definitions", family violence is given various definitions, including the "causing bodily injury to another family or household member." 9 GCA § 30.10 (a)(1).

(b) Family or household members include:

(1) Adults or minors who are current or former spouses;

**(2) Adults or minors who live together or who have lived together;**

(3) Adults or minors who are dating or who have dated;

(4) Adults or minors who are engaged in or who have engaged in a sexual relationship;

(5) Adults or minors who are related by blood or adoption to the fourth degree of affinity;

(6) Adults or minors who are related or formerly related by marriage;

(7) Persons who have a child in common; and

**(8) Minor children of a person in a relationship described in paragraphs (1) through (7) above.**

9 GCA § 30.10 (b) (emphasis added).

The minor here, A.O., was the foster child of the Defendant and his spouse. Defendant's Br. at 3. Thus, A.O. fits the definition of a family or household member as outlined by 9 GCA § 30.10(b). A.O. confided in the school nurse that the Defendant "slapped" and "threw" him. Magistrate's Compl. Thus, the Defendant is accused of "causing bodily injury to a family or household member." 9 GCA § 30.10 (a)(1). A literal reading of the statute consequently leads this Court to conclude that Defendant's CHILD ABUSE (As a misdemeanor) charge is "a misdemeanor charge of family violence" under 9 GCA §30.80 and the Defendant is not ineligible for a deferred plea solely because of his CHILD ABUSE charge.

The Court can also turn to legislative intent when discerning the real meaning of the statute. *People v. Quenga*, 2015 Guam 39 ¶ 36 (quoting *People v. Flores*, 2004 Guam 18 ¶ 8) (The Court's "duty is to interpret statutes in light of their terms and legislative intent . . . ."). First, Guam's legislature seems to have codified the statute at issue at least in part because of the premise that "first-time offenders" whom "receive counseling, education, and in some cases, clinical treatment . . . are less likely to reoffend." Family Violence Act, Pub. L. No. 31-109 (2013). Interpreting "family violence" to include child abuse would allow the Defendant here, a first-time offender, to receive counseling, education, and clinical treatment that could make him

less likely to offend. Secondly, the current 2013 statute amended the original 1994 statute, which Guam's Legislature enacted to "assist Guam's heavily burdened courts" by providing judges with "greater authority to divert appropriate defendants into enforced education and treatment programs." Family Violence Act, Pub. L. No. 22-160 (1994). Again, interpreting "family violence" to include child abuse would not make the Defendant ineligible for a deferred plea, which would help clear precious state resources by avoiding the further prosecution of the Defendant, thereby "assist[ing] Guam's heavily burdened courts." Finally, the Court recognizes that "[w]here a criminal statute is ambiguous, the rule of lenity requires [the Court] to construe the statute in favor of the defendant." *People v. Tenorio*, 2007 Guam 19 ¶14. Hence, any ambiguity is resolved by the legislative intent that weighs in favor of construing the Defendant as not ineligible solely due to his CHILD ABUSE charge.

Lastly, a plethora of cases exist in the Superior Court of Guam where defendants were charged with various offenses, including family violence and child abuse, as is the case here, and the courts there all deemed the defendants eligible for at least consideration. *See People v. Fernandez II*, CF0573-10 (June 17, 2011); *People v. Mafthin*, CF0646-11 (Nov. 30, 2012); *People v. Dafrow*, CF0500-11 (Mar. 13, 2012); *People v. Castro*, CF0631-11 (June 7, 2012). Admittedly, all the cases are based on the prior statute before it was amended on April 11, 2013. However, because the old statute and amended statute serve the same purpose and the amendment was largely a technicality consisting of swapping words (many edits were changing "diversion", "divertee", or "diversion process" to "deferral of plea", "deferred pleader", and "Deferred Plea Agreement"), these cases remain highly persuasive.

This Court finds that the Defendant is not ineligible for a deferred plea due to his CHILD ABUSE charge after analyzing the terms of 9 GCA § 30.80 as well as its legislative

intent. The statute was not meant to be utilized strictly by defendants with literal misdemeanor FAMILY VIOLENCE charges but rather any misdemeanor charge accusing a defendant of "causing bodily injury to another family or household member." 9 GCA § 30.10 (a)(1). The statute was also meant to be utilized by first-time offenders so they could receive the necessary treatment to avoid any future offenses. Here, the Defendant is a first-time offender accused of causing bodily injury to a household member, and he would benefit from treatment so as to prevent him from reoffending. Thus, his CHILD ABUSE charge does not make him ineligible for a deferred plea under 9 GCA §30.80.

## B. THE DEFENDANT IS ENTITLED TO A DEFERRED PLEA

But just because a defendant is eligible does not mean he is indeed entitled to a deferred plea. 9 GCA § 30.80.1. Having determined the Defendant is eligible for a deferred plea, the Court now turns to assessing whether the Defendant is entitled for a deferred plea. In an effort to make this determination, the Court held a hearing and considered (1) the nature and extent of the injury inflicted upon the victim, (2) any prior incidents of family violence by the Defendant and (3) any other factors which would adversely influence the Defendant's likelihood of successfully completing a deferred guilty plea agreement, as outlined by 9 GCA § 30.80.2.

### 1. THE NATURE AND EXTENT OF THE INJURY INFLICTED UPON THE VICTIM

As to the nature and extent of the injury inflicted upon the victim, the findings by the school nurse are worrisome. However, they do not rise to the level of preventing consideration of a deferred plea which mandates counseling. Additionally, the versions of both the Victim and of the Defendant are almost identical. Considering other factors herein, the lone occurrence could be thought to be a brief moment of exasperation manifested inappropriately. Thus, this factor weighs in favor of the Defendant.

## 2. PRIOR INCIDENTS OF FAMILY VIOLENCE BY THE DEFENDANT

As to any prior incidents of family violence by the Defendant, the Defendant has no prior criminal history and has not had any violations while on pre-trial release. This factor is again in the Defendant's favor.

No other factors that would adversely influence the likelihood of the Defendant's successful completion of the deferred guilty plea agreement were identified by the Court. The Defendant consented to further proceedings under 9 GCA § 30.80.2 and had previously waived his right to a speedy trial at his arraignment hearing on July 2, 2021. As such, the Court hereby finds that the Defendant is eligible and entitled to a deferred plea pursuant to 9 GCA § 30.80.1 and thus GRANTS Defendant's Motion.

A Change of Plea hearing is set for April 22, 2022 at 9:00 A.M.

SO ORDERED this _____APR 20 2022_____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam